IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MELVIN PEREZ,

    Petitioner,

v.      CASE NO. 1:09-cv-17-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is a state prisoner in the custody of the Department of Corrections.  The Petition stems from a March 17, 2005 prison administrative hearing related to Petitioner's assignment to close management (CM).  Petitioner, who was in close management from June 2005 to December 2006,[1] contends that he was denied due process because the DOC failed to follow its own rules during his close management proceedings at Hamilton C.I.  Petitioner seeks credit for 180 days of gain time he contends he could have earned had he not been placed in CM. (Doc. 1.)

Respondent has filed an answer and exhibits with relevant portions of the administrative and state record.  (Doc. 10.)  Respondent contends that Petitioner's claim

---

[1]The close management recommendation stemmed from Petitioner's disciplinary conviction for possession of a weapon.  Petitioner was ordered to serve 60 days in disciplinary confinement and forfeit 66 days of gain time as a result of the conviction. This Court previously denied Petitioner's request for habeas relief where he alleged he was denied due process during those disciplinary proceedings.  *Perez v. McNeil,* Case No. 1:08-cv-50-MP-AK (N.D. Fla. 2009).

is procedurally barred because he did not timely file his petition for writ of mandamus in state court; his claim is now moot because he has been released from close management status; and even if those threshold issues did not apply, the DOC provided Petitioner with adequate due process.  (Doc. 10.)  In reply, Petitioner argues that the state court erred in deeming his mandamus petition untimely and the exception to the mootness doctrine applies to his claim because it is capable of repetition yet evading review.  (Doc. 11.)  Upon due consideration of the Petition, the Answer, the Reply, and the record, the undersigned recommends that the Petition be dismissed.[2]

## Background

Petitioner was recommended for assignment to close management following a disciplinary conviction for possessing a weapon.  Petitioner was provided notice that he would receive a review by the Institutional Classification Team on his referral to CM.  On March 17, 2005, the ICT conducted a hearing.  Petitioner was present and received staff assistance.  The ICT recommended Petitioner's assignment to CM level I "based on an incident where an ice pick style weapon was found in the subject's mattress."  The State Classification Office reviewed the ICT's action on March 23, 2005.  Petitioner was then assigned to CM level I.  (Respondent's Exh. C.)  Petitioner unsuccessfully pursued administrative and state-court remedies.  (Resp. Exhs. D-K; Doc. 11, pp. 10-29.)  Meanwhile, Petitioner was released from close management in December 2006.  The instant federal habeas petition was filed January 27, 2009, and is timely for the purposes

---

[2]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

of the 1-year limitations period provided in § 2254.

## Analysis

Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. "[T]he common-law history of the writ, . . . the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The only relief that can be gained in a habeas action is an immediate or speedier release from custody. In the instant case, it is undisputed that Petitioner did not lose gain time credits as a result of the challenged disciplinary decision. Rather, Petitioner contends that the 180 days of gain time he "could have earned" implicates the duration of his confinement.

Generally, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 u.S. 486, 496 (1969). In *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), the Eleventh Circuit found that where a "prisoner has completed an imposed term of administrative segregation before he files his petition [for writ of habeas corpus] . . .the 'petition [is moot when filed and cannot be revived by collateral consequences." *Medberry*, 351 F.3d at 1053 (quoting *McCollum v. Miller*, 695 F. 2d 1044 (7th Cir. 1982)). The petitioner in *Medberry* had completed administrative segregation before filing a habeas petition challenging it and had not shown that the disciplinary proceeding would affect the length of his confinement. *Id.*

It is undisputed that Petitioner was released from close management in December 2006, more than two years prior to filing the instant habeas petition, and thus a challenge to his placement on close management status is moot. To avoid a finding of mootness, Petitioner would need to either (1) show that the "capable of repetition, yet evading review" exception to the mootness doctrine applies to his petition, or (2) show that the placement on close management status affected the length of his confinement. *See, e.g., Medberry v. Crosby,* 135 Fed. Appx. 333 (11th Cir. 2005); *Figueredo v. Crosby,* No. 4:03cv262 (N.D. Fla. Aug. 16, 2004). Neither of these circumstances applies to the instant petition.

Petitioner's claim does not satisfy the "capable of repetition, yet evading review" exception to the mootness doctrine. The exception requires two simultaneously present elements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the complaining party would be subjected to the same action again." *Murphy v. Hunt,* 455 U.S. 478, 482 (1982) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)). As to the first element, Petitioner's placement in close management for approximately two years was completed by the time he reached federal court, and the state courts considered his claims during that time period. As to the second element, Petitioner has not established that there is a reasonable expectation that he will be subjected to the same action again. Petitioner claims that since his release into the general prison population he has received disciplinary reports and spent time in administrative and disciplinary confinement and that staff have threatened him with CM. This indicates Petitioner often receives discipline; it does not show that the same circumstances

repeatedly give rise to the discipline.  Furthermore, Petitioner is no longer housed at Hamilton C.I., where these disciplinary actions occurred.  *See Medberry v. Crosby,* 135 Fed. Appx. at 335.  Accordingly, the exception to the mootness doctrine does not apply to the instant petition.

Petitioner has also failed to show that his placement on close management status affected the length of his confinement.  Petitioner appears to argue that he has a liberty interest (and thus, due process protection) in the ability to earn incentive gain time.  The Eleventh Circuit has held that the loss of eligibility to earn incentive gain time under Fla. Admin. Code § 33-601.101(5)(a) does not give rise to a liberty interest that triggers due process protections.  *Hartley v. Warden*, 352 Fed. Appx. 368, 2009 WL 3738508 (11th Cir. 2009) (unpublished).[3]  This Court and other District Courts within the Eleventh Circuit have come to a similar conclusion.  *See, e.g, Hartley v. Ellis*, 2009 U.S. Dist. LEXIS 74917 (N.D. Fla. 2009) (concluding petitioner had no liberty interest in eligibility to earn incentive gain time); *Hartley v. McNeil,* No. 5:07-cv-233-RS-AK, 2009 U.S. Dist. LEXIS 122825 (N.D. Fla. 2009) (same); *Hartley v. McNeil*, No. 1:07-cv-22683, 2008 U.S. Dist. LEXIS 60225, 2008 WL 3200213 (S.D. Fla. 2008) (same); *Figueredo v. Crosby,* No. 4:03-cv-262-SPM-AK (2004) (same); *Hollingsworth v. Crosby*, No. 4:02-cv-402-RH-WCS (N.D. Fla. 2004) (same); *see also Sandin v. Conner,* 515 U.S. 472 (1995) (chance that finding of misconduct will inevitably affect parole decision is too attenuated to invoke procedural guarantees of due process).

Because Petitioner had completed the term of close management custody at

---

[3]Pursuant to 11th Cir. R. 36-2, unpublished opinions are not binding precedent, but may be cited as persuasive authority.

issue at the time of filing the instant petition, and he cannot show that the subject close management hearing affected the length of his confinement, the instant petition was moot when filed.

## Conclusion

Petitioner's claim is moot.  Accordingly, it is respectfully **RECOMMENDED** that the Petition, Doc. 1, be **DENIED AS MOOT,** that the caused be **DISMISSED WITH PREJUDICE** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS**  this 28th day of October 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**